# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,            )
                             )
          v.                  )          ID Nos. 2407013737
                             )                   2404002577
KAVON CARR,                   )
                             )
          Defendant.          )

Submitted: June 11, 2026
Decided: July 22, 2026

*Upon Defendant Kavon Carr's Motion for Credit Time:*
**GRANTED.**

*Upon Defendant Kavon Carr's*
*Motion for Sentence Reduction or Modification:*
**DENIED in part** and otherwise held in abeyance.

## ORDER

On this 22nd day of July, 2026, upon consideration of Kavon Carr's ("Defendant") *pro se* Motion for Sentence Modification (the "Modification Motion") made pursuant to Superior Court Rule of Criminal Procedure ("Rule") 35(b),[1] Defendant's *pro se* Motion for Credit for Time Previously Served (the "Credit Time Motion"),[2] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

---

[1] Docket Item (hereinafter "D.I.") 31, 33 (hereinafter "Mod. Mot.") in Case No. 2407013737. Unless otherwise specified, all references to the docket hereinafter are references to the docket in Case No. 240701373.

[2] D.I. 32 (hereinafter "Credit Mot.")

1.    On March 12, 2026, the Court found Defendant in violation of his probation.[3] The Court sentenced Defendant to two years of Level V time, suspended after eighteen months, followed by six months at Level IV DOC Discretion, followed by one year at Level III with GPS monitoring.[4]

### Sentence Modification

2.    On April 2, 2026, Defendant filed the Modification Motion. In the Modification Motion, Defendant initially sought to have the Court suspend his Level V sentence upon completion of a Level IV Road to Recovery program, followed by one year of Level III probation.[5] His grounds for this request were that he needed to provide for his family, further his education, and continue gaining skills.[6] He also expressed that he believed he had been rehabilitated.[7]

3.    On June 11, 2026, before the Court had ruled on Defendant's initial Modification Motion, but still within the 90 days contemplated by Superior Court Criminal Rule 35(b), Defendant filed a purported amendment to the Modification Motion.[8] Therein, he informed the Court that the state of Florida had filed a detainer against him,[9] and he amended his request to include a complete cancellation of the

---

[3] D.I. 29.
[4] *Id.*
[5] Mod. Mot. p. 2–3.
[6] Mod. Mot. p. 2.
[7] Mod. Mot. p. 2.
[8] D.I. 33.
[9] D.I. 33 at p. 7–8.

Level IV and III portions of his sentence on the grounds that the purposes of those portions of his sentence would be frustrated.[10]

4. The Court considers motions for modification of sentence under Rule 35(b). Before addressing the merits of a motion, the Court first considers the applicable procedural bars.[11] There are no applicable procedural bars, and thus the Court considers the Modification Motion on the merits.

5. Defendant's sentence was appropriate at the time of sentencing. Indeed, the duration of the Level V, Level IV, and Level III terms, as well as the requirements for GPS monitoring are all appropriate transition sentences that are integral to the Court's overall "sentencing scheme" or "plan."[12] The Court imposed the sentence—including these express elements—after a thorough review of the crimes committed and the sentencing information available on the record. Although the Court applauds and encourages Defendant's rehabilitative efforts, the Court declines to recalibrate an appropriate sentence on the bases Defendant articulated.

6. In view of the Florida detainer, however, the Court recognizes Defendant's concern that there could be an unnecessarily duplicative probationary period. Accordingly, while declining to adjust the Level V portion of Defendants' sentence, the Court will hold the motion in abeyance as to the Level IV and III

---

[10] D.I. 33 at p. 4.
[11] *State v. Redden*, 111 A.3d 602, 606 (Del. Super. 2015).
[12] *Id.* at 609.

portions of Defendant's Delaware sentence, pending disposition of the Florida matter. Upon determination of what, if any, sentence Defendant is to serve in Florida, the Court will consider a renewed motion for modification of the Level IV and III portions of Defendant's sentence.

7.     Accordingly, Defendant's Motion for Sentence Reduction is **DENIED in part** and otherwise held in abeyance pending disposition of the Florida charges.

## Motion for Credit Time

8.     On April 2, 2026, Defendant also filed the Motion for Credit Time.[13] Upon consultation with the Department of Corrections, the Court has found that Defendant was incarcerated in case ID No. 2407013737 from September 4, 2025 to September 5, 2025 and in ID Nos. 2407013737 and 2505008281 from September 18, 2025 to September 22, 2025. Accordingly, he is entitled to 7 days credit, to be applied to ID No. 2407013737, Criminal Action No. 24080892. The Motion for Credit Time is **GRANTED** exclusively as to those 7 days.[14]

**IT IS SO ORDERED.**

Sheldon K. Rennie, Judge

---

[13] Credit Mot.

[14] In the Motion for Credit Time, Defendant represented that he was incarcerated from August 9, 2025 to November 9, 2025. Credit Mot. at p. 1–2. This is not reflected in DOC records.

4